**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOANTHONY MCGEE,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 3:25-CV-2782-L-BK** |
| | § | |
| **PLAINSCAPITAL BANK,** | § | |
| **DEFENDANT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim, and Plaintiff's motion for temporary restraining order should be **DENIED**.

## I. BACKGROUND

On October 25, 2025, Plaintiff Joanthony McGee, a Texas resident and self-proclaimed "Indigenous' American Indian" and "non-citizen U.S. National," filed a complaint against Defendant PlainsCapital Bank, which is headquartered in Dallas, Texas. Doc. 3 at 1-3. Along with the complaint, McGee moved for leave to proceed *in forma pauperis* and for a temporary Restraining Order. Doc. 4; Doc. 5.[1]

[1] Because this action should be summarily dismissed, the Court need not address the deficiencies in Plaintiff's motion for leave to proceed *in forma pauperis*. Doc. 5.

At best, McGee's complaint is nonsensical and illogical. He alleges that Defendant refused to accept "a Vantage Acceptance" financial instrument that he tendered to buy U.S. Treasury obligations. Doc. 3 at 2. He contends that Defendant's refusal to process the financial instrument (1) breached "a private commercial understanding," (2) neglected the bank's core duty "as a federal instrumentality," and (3) denied his rights and privileges "as a U.S. national" to access the federal banking system in violation of 8 U.S.C. § 1503(a). *Id.* at 3, 6. McGee states that he is "the Minister of the Pa Literary Ministerial Unincorporated Trust, a Registered Deemed-Compliant Foreign Financial Institution," which is "doing business as Moor Acquisitions (the "Trust")." *Id.* at 3. He also states that "[a]ccess to the central banking system and financial infrastructure is a fundamental right and privilege incident to [his] status as a U.S. national and is essential to the Trust's operation as an RDCFFI." *Id.*

McGee seeks declaratory and injunctive relief. Doc. 3 at 7. He asks the Court to order Defendant to accept his "Vantage Acceptance" financial instrument in the amount of $1.2 billion US dollars to facilitate "a credit transaction" of "no less than $10 million dollars." *Id.* at 8. In the Civil Cover Sheet, McGee cites 8 U.S.C. § 1503(a) (outlining procedure for seeking declaration of US nationality), and describes his cause of action as "Action to Declare Nationality and Remedy Denial of Rights." *Id.* at 10. He also cites for the first time 15 U.S.C. § 1691 (prohibiting discrimination with respect to credit transactions).

On October 17, 2025, McGee filed a *Notice of Supplemental Authority* and *First Amended Complaint*. Doc. 7 at 1; Doc. 7-1 at 1. He restates his allegations and grounds and adds a claim under the Treaty of Peace and Friendship. Doc. 7-1 at 10.

McGee is no stranger to the federal courts. Since 2017, he has filed four *in forma pauperis* actions in this Court that were summarily dismissed. *See McGee v. Pilant*, No. 3:17-

cv-2275-B-BN, 2017 WL 6033740, at *2-3 (N.D. Tex. Oct. 27, 2017), *rec. accepted*, No. 3:17-cv-2275-B-BN (N.D. Tex. Dec. 21, 2017) (dismissing action for lack of subject matter jurisdiction); *McGee v. Bureau of Consular Affairs*, No. 3:21-cv-2075-D-BK, 2021 WL 5016885, at *2 (N.D. Tex. Sep. 21, 2021), *rec. accepted*, 2021 WL 5014332, at *1 (N.D. Tex. Oct. 28, 2021) (same); *McGee v. Dupew*, No. 3:23-cv-2518-L-BT (N.D. Tex. Apr. 30, 2024) (same); *McGee v. U.S. Dep't of State*, No. 3:19-cv-2823-X-BK (N.D. Tex. Feb. 6, 2020) (dismissing action for lack of prosecution). In one such action, McGee asserted that he was a "Moor/America's Aboriginal national." *McGee*, No. 3:21-cv-2075-D-BK, 2021 WL 5016885, at *1.

## II. ANALYSIS

### A. Plaintiff's Complaint is Frivolous and Fails to State a Claim

Because McGee seeks leave to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint, if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, McGee's complaint is frivolous and fails to state a claim.

Again, McGee alleges that Defendant has refused to accept his "Vantage Acceptance" financial instrument because he is a "non-citizen U.S. National." He sues under 8 U.S.C. § 1503(a). "Section 1503(a) permits a person 'who is within the United States' to bring an action in federal district court for a judgment declaring him to be a U.S. national, if he has been denied a right or privilege of citizenship by any department or agency 'upon the ground that he is not a national of the United States.'" *Cambranis v. Blinken*, 994 F.3d 457, 463 (5th Cir. 2021). McGee, however, does not plead any facts to show that Defendant is a department or United States agency that denied him benefits on the grounds that he is not a U.S. national. Indeed, § 1503(a)'s protections extend to persons claiming to be U.S. citizens, *Cambranis*, 994 F.3d at 463, while McGee suggests he is not. Further, the statute has no application to banks or the banking system. Consequently, McGee fails to state a plausible claim under § 1503(a).

In the Civil Cover Sheet, McGee also mentions 15 U.S.C. § 1691, the Equal Credit Opportunity Act (ECOA). Doc. 3 at 10. ECOA prohibits creditors from discriminating against credit applicants (1) on the basis of race, color, religion, national origin, sex, marital status, age, (2) because an applicant receives income from a public assistance program, or (3) because an applicant has in good faith exercised any right under the Consumer Credit Protection Act. To

state a claim for relief under the ECOA, a plaintiff must plausibly allege that he was discriminated against in violation of the statute. Specifically, "the complaint must plausibly allege that (1) . . .plaintiff was an 'applicant'; (2) the defendant was a 'creditor'; and (3) the defendant discriminated against the plaintiff with respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a protected class." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705-06 (5th Cir. 2017) (citations omitted).

Assuming McGee intends to also raise a claim under § 1691, he does not plead any facts from which it can be established that he "applied" for or otherwise requested credit or that he was treated in a discriminatory manner. *See Alexander*, 848 F.3d at 707-09. His complaint and TRO motion are silent about any credit transaction or any alleged "discrimination." Doc. 3; Doc. 4. Although McGee mailed Defendant a *Notice*, it mentions neither a request for credit nor any discriminatory conduct. Doc. 4 at 12-13 (providing *Notice* with TRO motion). Consequently, he likewise fails to plead a plausible claim under § 1691(a).

Lastly, McGee's supplemental allegations premised on the Moroccan-American Treaty of Friendship also fail to present any plausible claim. Doc. 7-1 at 10. He states that the Treaty "necessarily includes access to the financial system and its core function" and imposes a "mandatory duty of communication." *Id.* He adds that "Defendant's total silence . . . is a direct and ongoing breach of this specific Treaty command" and, thus, "violates the Supremacy Clause of the U.S. Constitution." Doc. 7-1 at 11.

Even under the most liberal construction, however, McGee has failed to state a viable legal claim or anything that can be construed as such. He offers no legal authority apart from vaguely mentioning the Treaty; and his factual contentions are clearly baseless and inadequate to support any cognizable claim. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Therefore, McGee's complaint should be dismissed as frivolous and for failure to state a claim.

**B. Leave to Amend Would be Futile**

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As discussed here, McGee has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is unlikely that, given the opportunity, he could allege cogent and viable legal claims. McGee has also filed a notice of supplemental authority and an amended complaint. Thus, the Court concludes that McGee has already pled his best case and granting leave to amend would be futile and cause needless delay.

**C. Plaintiff Fails to Make Requisite Showing for Temporary Restraining Order**

Along with the complaint, McGee moved for temporary restraining order (TRO). Doc. 4. He reiterates the allegations and requests in his complaint. However, he fails to make the requisite showing for an ex parte TRO.

Federal Rule of Civil Procedure 65(b)(1) provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

McGee has failed to proffer specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result. Nor has he certified in writing any efforts made to give notice to the Defendant and the reasons why notice should not be required before a temporary restraining order is issued. The *Notice* enclosed with the TRO motion meets neither requisite. Doc. 4 at 12-13. Thus, having failed to meet the legal requirements of Rule 65(b)(1), Plaintiff's motion for temporary restraining order should be denied.

**III. SANCTION WARNING**

As noted, the Court previously dismissed three of McGee's prior actions for lack of subject matter jurisdiction. Considering his filing history, McGee should be warned that if he persists in filing frivolous or baseless actions, or actions over which the Court lacks jurisdiction, the Court may impose monetary sanctions and bar him from bringing any further action. *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); *see also* *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## IV. CONCLUSION

For all these reasons, McGee's action should be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B), and his motion for a temporary restraining order should be **DENIED**.

In addition, McGee should be **WARNED** that if he persists in filing frivolous or baseless actions, or actions over which the Court lacks jurisdiction, the Court may impose monetary sanctions and bar him from filing any future lawsuits. *See* FED. R. CIV. P. 11(b)(2) and (c)(1).

**SO RECOMMENDED** on October 20, 2025.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).