IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOANTHONY MCGEE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No**. 3:25-CV-2782-L-BK** |
| | § | |
| **PLAINSCAPITAL BANK,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

On October 20, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 9) ("Report") was entered, recommending that the court dismiss with prejudice this action as frivolous and failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) because the allegations in Plaintiff's Complaint are nonsensical and illogical. In this regard, the magistrate notes that Plaintiff is seeking declaratory and injunctive relief, and he alleges that he is "the Minister of the Pa Literary Ministerial Unincorporated Trust, a Registered Deemed-Compliant Foreign Financial Institution," which is "doing business as Moor Acquisitions (the "Trust")"; and that "[a]ccess to the central banking system and financial infrastructure is a fundamental right and privilege incident to [his] status as a U.S. national and is essential to the Trust's operation as an RDCFFI." Doc. 9 at 2 (citations omitted). In addition, the magistrate judge recommends that court deny Plaintiff's Motion for Temporary Restraining Order (Doc. 4) for failure to satisfy each of the requirements for a temporary restraining order.  The magistrate judge further recommends that Plaintiff not be allowed to amend his pleadings, as doing so would be futile because it is unlikely that, given the opportunity, he could allege cogent and viable claims for relief even under the most deferential

**Order – Page  1**

standard of review even considering the additional documents he filed before issuance of the Report.

Plaintiff filed objections, which were docketed on October 27, 2025 (Docs. 10, 11). He also filed a Motion to File a Redacted Document (Doc. 13), a Supplemental Document in support of his Motion for Temporary Restraining Order (Doc. 12), and a Second Motion for Leave to Proceed In Forma Pauperis (Doc. 16). Plaintiff's objections are similarly frivolous. While he attempts to elaborate in response to the Report regarding the claims asserted and facts supporting such claims, he fails to state any viable claims for relief.

Accordingly, having considered the pleadings, file, Report, and record in this case, and conducted a de novo review of that portion of the Report to which objection was made, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Plaintiff's objections; **denies** Plaintiff's Motion for Temporary Restraining Order (Doc. 4); **terms** all other pending motions (Docs. 13, 16); and **dismisses with prejudice** this action as frivolous and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

The court also agrees that Plaintiff should not be given the opportunity to amend his pleadings. Although Plaintiff is pro se, the supplemental documents filed before and after issuance of the Report do not cure the deficiencies identified by the magistrate judge, and he has not explained in response to the Report how he would cure the pleading deficiencies identified by the magistrate judge. The court, therefore, determines that he has pleaded his "best case" such that amendment would be futile and unnecessarily delay the resolution of this litigation.

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this

**Order – Page 2**

certification, the court **incorporates by reference** the Report.  *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997).   Based on the Report, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).   In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

 **It is so ordered** this 24th day of November, 2025.

Sam A. Lindsay
United States District Judge